IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KYRA MOSS,

                Plaintiff,         Civil Action No.
                             1:17-CV-0875 (DNH/DEP)

    v.

ZARA USA INC.,

                Defendant.

_____

APPEARANCES:              OF COUNSEL:

FOR PLAINTIFF:

KYRA MOSS, *Pro se*
18 Providence Place, #7
Albany, NY 12202

FOR DEFENDANT:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

      This is an action brought against defendant Zara USA Inc. by plaintiff

Kyra Moss, a prodigious *pro se* litigant who has commenced this case and

five other actions in this court within the last two years. Plaintiff's complaint

and accompanying application for leave to proceed *in forma pauperis*

("IFP") have been referred to me review. Based upon my consideration of those materials I am granting plaintiff's request to proceed without prepayment of fees and recommending that her complaint be dismissed for failure to state a cognizable claim.

I.    BACKGROUND

Plaintiff commenced this action on August 9, 2017. Dkt. No. 1. Plaintiff's complaint names Zara USA Inc. as the sole defendant and was drafted utilizing a form intended for use in filing civil rights actions pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff's complaint contains no factual allegations and purports to assert claims under the Thirteenth and Fourteenth Amendments to the United States Constitution, as well as a third cause of action that is difficult to decipher based on plaintiff's unintelligible handwriting. *Id.* at 3. Attached to the complaint are various random documents, including one that purports to be a release executed by plaintiff in favor of Zara USA Inc. *Id.* at 8-9. The release appears to be plaintiff's attempt to discharge and release Zara USA Inc. from all claims and liabilities in return for payment of $14 million. *Id.* Although plaintiff signed the release, it does not bear the signature of anyone on behalf of defendant.

II.   DISCUSSION

A.   IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[1] A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The ability to litigate an action without prepayment of fees is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses. *See In re Anderson*, 511 U.S. 364, 365-66 (1994) (denying the *pro se* petitioner's request for leave to proceed IFP where the Court found that, like the previous twenty-two petitions filed during the three immediately preceding years, the instant petition was "patently frivolous"); *see also Cuoco v. United States Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) ("The ability to proceed IFP is a privilege provided for the benefit of indigent persons." (quotation marks

---

[1]      The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

3

omitted)). The authority of a court to deny or limit a request to proceed IFP

is implicit in the permissive, rather than compulsory, language of the

controlling statute, which provides that "any court of the United States *may*

authorize the commencement, prosecution or defense of any suit, action

or proceeding, civil or criminal, or appeal therein, without prepayment of

fees or security therefor[.]" 28 U.S.C. § 1915(a)(1) (emphasis added); *In re*

*McDonald*, 489 U.S. 180, 183 (1989). For this reason, courts are regarded

as possessing discretionary authority to deny IFP status to litigants who

have abused the privilege. *See Hurt v. Social Sec. Admin.*, 544 F.3d 308,

309-310 (D.C. Cir. 2008) ("This Circuit grants IFP status to various

plaintiffs, but asserts its discretion to deny or revoke this privilege for

abusive litigants, looking to 'the number, content, frequency, and

disposition of their previous filings[.]'" (quoting *Butler v. Dep't of Justice*,

492 F.3d 440, 444-45 (D.C. Cir. 2007) (citations, alteration omitted)).

Plaintiff's recent litigation history suggests that she is on the brink of

being found to have abused the privilege of proceeding IFP. In addition to

this action, plaintiff has filed five additional cases in this district since July

6, 2016. The first of those was *Moss v. The United States of America*

("*Moss I*"), No. 16-CV-0812 (N.D.N.Y. filed July 6, 2016). After reviewing

plaintiff's complaint and accompanying IFP application in that action,

4

Magistrate Judge Daniel J. Stewart issued a report on September 13, 2016, recommending dismissal of plaintiff's complaint based on his finding that it was, "at best, disjointed and confusing . . . [and] devoid of <u>any</u> factual allegation against a specific Defendant by which th[e] Court can assess any wrongdoing." *Moss I*, Dkt. No. 5 at 3-4, 5 (emphasis in original). Senior District Judge Gary L. Sharpe adopted the report on October 5, 2016. *Moss I*, Dkt. No. 7. Plaintiff's appeal from the judgment dismissing her complaint was dismissed by the United States Court of Appeals for the Second Circuit on May 26, 2017, as lacking an arguable basis either in law or fact. *Moss I*, Dkt. No. 22.

On July 8, 2016, plaintiff commenced a second action in this court. *Moss v. Catholic Charities, USA* ("*Moss II*"), No. 16-CV-0839 (N.D.N.Y. filed July 8, 2016). Judge Stewart issued a report on September 13, 2016, recommending that plaintiff's complaint be dismissed for reasons similar to those set forth in *Moss I*. *See Moss II*, Dkt. No. 5 at 3-4 ("It is entirely unclear [from the plaintiff's complaint] who exactly is being sued in this action and why, as the body of the Complaint is completely devoid of <u>any</u> factual allegation against a specific Defendant by which this Court can assess any wrongdoing. Nor is there a clear request for relief . . . . After reading Plaintiff's Complaint, the Court is befuddled as to why Plaintiff has

sought Court intervention."). On October 7, 2016, Chief District Judge

Glenn T. Suddaby issued an order adopting the report in its entirety. *Moss*

*II*, Dkt. No. 6. On June 22, 2017, the Second Circuit dismissed plaintiff's

appeal based on her default. *Moss II*, Dkt. No. 12; *see also Moss v.*

*Catholic Charities USA*, No. 16-3768, Dkt. No. 32 (2d Cir. appeal filed on

Nov. 7, 2016).

Plaintiff's third action was filed in this district on June 19, 2017. *Moss*

*v. Albany Cnty. N.Y. Dep't of Soc. Servs.* ("*Moss III*"), No. 17-CV-0660

(N.D.N.Y. filed June 19, 2017). In that case, Magistrate Judge Christian F.

Hummel issued a report on August 17, 2017, recommending that plaintiff's

complaint be dismissed as failing to state a cognizable claim. *Moss III*,

Dkt. No. 4 at 5-6. That report and recommendation is currently pending

before Judge Suddaby for review.

Plaintiff's fourth suit was filed on June 29, 2017. *Moss v. Burlington*

*Coat Factory Stores, Inc.* ("*Moss IV*"), No. 17-CV-0706 (N.D.N.Y. filed

June 29, 2017). In that action, Judge Hummel issued a report on August

31, 2017, recommending that plaintiff's complaint be dismissed for

reasons similar to those set forth in his report issued in *Moss III.*, Dkt. No.

3 at 6-7. That recommendation was adopted by order issued by District

Judge David N. Hurd on September 26, 2017. *Moss IV*, Dkt. No. 5.

In the fifth action filed by plaintiff in this district, *Moss v. Macchione* ("*Moss V*"), No. 17-CV-0876 (N.D.N.Y. filed August 9, 2017), Judge Stewart issued a report on September 11, 2017, recommending dismissal of plaintiff's complaint for failure to state a claim upon which relief may be granted. *Moss V*, Dkt. No. 4 at 6. That report remains pending for review before District Judge Brenda K. Sannes.

Common to all of the actions filed by plaintiff in this district (including, as will be discussed below, the current complaint under consideration in this report) is her stark failure to include factual allegations in her complaints that demonstrate entitlement to relief, and the vagueness concerning the claims that she purports to assert. Nevertheless, in this instance, in light of plaintiff's *pro se* status and the court's obligation to extend special solicitude to *pro se* litigants, I will reluctantly grant plaintiff's request to proceed IFP in this action.[2] Plaintiff is hereby warned, however, that (1) proceeding IFP is a privilege that is extended to litigants at the discretion of the court, and (2) any further filing of patently frivolous lawsuits may result in the denial of any request to proceed IFP in an action

---

[2]    Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

and/or a recommendation to the chief district judge that a filing injunction be issued against plaintiff, barring her from filing any future lawsuits in this district without prior permission.

      B.    <u>Sufficiency of Plaintiff's Complaint</u>

            1.    <u>Standard of Review</u>

Because I have found plaintiff satisfies the financial criteria for commencing this case IFP, I must consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however,

also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a

9

pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere

10

possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

>    2.   Analysis

Plaintiff's complaint in this action fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Indeed, the complaint sets forth no facts whatsoever to support the purported claims asserted. Without any factual allegations, I am unable to detect a cognizable constitutional claim that is or could be asserted in plaintiff's complaint, and therefore recommend it be dismissed as frivolous. *See, e.g., Mecca v. United States Gov't*, 232 F. App'x 66, 66-67 (2d Cir. 2007) (affirming the district court's *sua sponte* dismissal of a frivolous complaint); *Alston v. Sebelius*, No. 13-CV-4537, 2014 WL 4374644, at *20 (E.D.N.Y. Sept. 2, 2014) (denying leave to amend where the operative pleading contained "rambling allegations and disjointed and incoherent facts" that did not give rise to a plausible deprivation of any constitutional right).

To the extent plaintiff attempts to assert a cause of action under 42 U.S.C. § 1983, it is worth noting that the complaint is deficient for yet another, independent reason. Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived [her] of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *see also Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.). In this case, plaintiff has not alleged any connection between defendant

Zara USA Inc., which appears to be a private corporate entity, and the State of New York. Accordingly, dismissal of her complaint is appropriate on this independent basis, as well.

### C.   Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be

productive, . . . it is not an abuse of discretion to deny leave to amend."
*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*
*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.
22, 1997) (Pooler, J.).

In this case, because plaintiff has not included any factual
allegations in her complaint, the court has no basis to know whether, with
amendment, plaintiff could assert a cognizable claim against the
defendant. In deference to her *pro se* status, however, I recommend that
plaintiff be granted leave to amend her complaint.

Should plaintiff choose to avail herself of this leave to amend, she is
informed that the law in this circuit clearly provides that "'complaints relying
on the civil rights statutes are insufficient unless they contain some
specific allegations of fact indicating a deprivation of rights, instead of a
litany of general conclusions that shock but have no meaning.'" *Hunt v.*
*Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v.*
*Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*,
No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler,
J.). Therefore, in any amended complaint, plaintiff must clearly set forth
the facts that give rise to the claims, including the dates, times, and places
of the alleged underlying acts, and each individual who committed each

alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in any constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.   SUMMARY AND CONCLUSION

Because plaintiff's application for leave to proceed without prepayment of fees or costs demonstrates her entitlement to IFP status, that application is granted. Plaintiff is warned that any future filing of frivolous lawsuits, like all of those filed by her in this district since July 2016, will result in denial of IFP status and/or a recommendation to the chief district judge that she be prohibited from filing future lawsuits without prior permission from the court.

Turning to the substance of plaintiff's complaint, because it fails to satisfy the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and contains no factual allegations upon which the court could, even liberally construed, discern a cognizable cause of action, I recommend that plaintiff's complaint be dismissed, with leave to replead.

Based upon the foregoing it is hereby

ORDERED that plaintiff's *in forma pauperis* application (Dkt. No. 2) be GRANTED; and it is further

ORDERED that the clerk of the court shall serve a copy of this order on plaintiff in accordance with the local rules of practice for this court; and it is further

ORDERED that the clerk is respectfully directed to forward copies of this order, report, and recommendation to each of the other four full-time magistrate judges of this district; and it is further respectfully

RECOMMENDED that plaintiff's complaint (Dkt. No. 1) be dismissed, with leave to replead within thirty days of the date of any decision and order adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:    October 18, 2017
          Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[3]    If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).